**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOEL PRICE,

        Plaintiff,

v.                                                Case No: 6:17-cv-1999-Orl-40DCI

ORLANDO HEALTH, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Plaintiff's Motion for Partial Summary Judgment (Doc. 22 (the "**Motion**")), Defendant's Response in Opposition (Doc. 28), and Plaintiff's Reply (Doc. 49). With briefing complete, the matter is ripe. Upon consideration, the Motion is due to be denied as premature.

Plaintiff, Joel Price, brings this suit against Defendant, Orlando Health, Inc. ("**Orlando Health**") seeking a declaratory judgment, injunctive relief, damages, and attorney's fees, pursuant to Title III of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12181–12189, and Section 504 of the Rehabilitation Act of 1973 ("**Section 504**"), 29 U.S.C. § 794. (Doc. 1). On May 9, 2018, Plaintiff filed his now-pending Motion, seeking an Order ruling in Plaintiff's favor on nine enumerated issues. (Doc. 22, pp. 9–10). Importantly, Plaintiff seeks a Court Order declaring that Defendant violated the ADA and Section 504, and that Plaintiff is entitled to declaratory relief, injunctive relief, and reasonable attorneys' fees and costs on Counts I and II of the Complaint. (*Id.*).

Defendant opposes the Motion, arguing that it is premature. (Doc. 28). Plaintiff's Motion was filed nearly three full months before the close of discovery. (*See* Docs. 18,

22). Indeed, the discovery deadline has *still* not passed. (Doc. 18). Defendants submit that the Motion was filed before the deposition of Defendant's corporate representatives or of Plaintiff, and before Plaintiff responded to Defendant's written discovery. (Doc. 28, pp. 2–3).

The Court agrees that the Motion is premature. Summary judgment is not appropriate until the nonmoving party "has had an adequate opportunity for discovery." *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). The Eleventh Circuit has further stated:

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* (internal citations omitted).

When the Motion was filed, Defendant had not "had an adequate opportunity for discovery." Plaintiff had still not responded to Defendant's written discovery, crucial depositions had yet to be taken, and critical discovery milestones lay ahead. Accordingly, the Motion is due to be denied as premature. Plaintiff (and Defendant) have until **September 5, 2018**, to file dispositive motions.

Finally, the Court is not taken by Plaintiff's Attorney Scott R. Dinin's rhetorical appeal for the Court to smite the oppressive "people in power." (Doc. 49, p. 1). Not only does Dinin deploy soaring rhetoric and invoke segregation, Dinin inexplicably incorporates Defendant's annual earnings into his argument in a thinly veiled attempt to have the Court ignore the facts and rule against a purportedly well-heeled defendant.

Dinin misapprehends the role of this Court, which is to decide disputed issues based on the facts. Attorney Dinin is cautioned to exclude further improper arguments in his briefings to the Court or risk the imposition of sanctions.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 22) is **DENIED** without prejudice as premature.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties